U.S. DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DERRICK LEVAC,

          Plaintiff,

-against-

NEW YORK STATE UNIFIED COURT SYSTEM,

          Defendant.

**COMPLAINT**  1:24-cv-00494 (DNH/CFH)

**JURY TRIAL DEMANDED**

Civil Action:

---

The Plaintiff, by and through his attorneys, The Tuttle Law Firm, James B. Tuttle, Esq., of Counsel, hereby sets forth the following as and for his complaint against the named Defendant:

**VENUE AND JURISDICTION**

1. This Court has jurisdiction of the claims herein presented pursuant to 28 U.S. Code §§1331 and 1343 and 42 U.S. Code §1988. This civil action arises under the laws of the United States and the State of New York. This is a disability discrimination and retaliation case in which the Plaintiff alleges violations of the Americans with Disabilities Act, 42 U.S. Code §§1201 et. seq and the New York State Human Rights Law, thereby invoking this Court's pendent jurisdiction. The Plaintiff also seeks attorney's fees pursuant to 42 U.S. Code §1988.

2. The unlawful acts and practices alleged in this complaint were all committed within the State of New York and within the Northern District of New York. Venue in this district is therefore proper pursuant to 28 U.S. Code §1391(b)(2).

3. The Defendant New York State Unified Court System maintains an office for the transaction of business at 187 Wolf Road, Suite 103, Albany, New York 12204 which is within the Northern District. Venue is therefore proper in the Northern District pursuant to 28 U.S. Code §1381(b)(1) and (c)(2).

## THE PARTIES

4. The Plaintiff Derrick Levac is and at all times relevant hereto has been a citizen and resident of the state of New York, residing in Warren County.

5. The Defendant New York State Unified Court System, also known as the New York State Office of Court Administration (hereinafter "OCA"), is an administrative agency of the state of New York organized and existing under the constitution and laws of the state of New York.

## PROCEDURAL HISTORY

6. On or about July 27, 2019, the Plaintiff filed charges of discrimination with the Equal Employment Opportunity Commission (EEOC).

7. On or about March 2, 2023 the EEOC rendered a determination finding that the Defendant had violated and remained in violation of the Americans with Disabilities Act. A copy of the EEOC determination is annexed hereto as Exhibit A.

8. On or about January 16, 2024, a right to sue letter was issued authorizing the Plaintiff to initiate litigation under the Americans with Disabilities Act of 1990 (ADA, 42 U.S. Code §12111 et sq.).

## FACTUAL ALLEGATIONS

9. One of the functions of OCA is the provision of security in the Courts of the State of New York by means, among others, of employing qualified personnel as New York State Court Officers.

10. On September 8, 2015 the Plaintiff Derrick Levac was duly appointed as a New York State Court Officer. After successfully completing his probationary period, Officer Levac attained full permanent civil service status in that position, which he retains at this time.

11. Officer Levac resides in Warren County and his home is located within approximately a 10 minute drive of the Warren County Courthouse and the Glens Falls City Court, both of which courts are regularly supplied with court officers by OCA.

12. On or about October 12, 2016 while Officer Levac was on duty in the Warren County Courthouse, he was obligated to pursue a suspect attempting to flee the courtroom in the course of the performance of his duties and in doing so he suffered an injury to his right hamstring and/or sciatic nerve.

13. Prior to his return to work, Officer Levac's physician advised him that the condition of his right lower extremity would be adversely affected by standing, walking and driving.

14. Upon his return to work on or about April 10, 2018 from his October 12, 2016 injury, Officer Levac was reassigned from Warren County where he had been working prior to his injury to Schenectady County.

15. At the time of that reassignment, Officer Levac advised his employer that he was a qualified individual with a disability and requested as a reasonable accommodation under the Americans with Disabilities Act and the New York State Human Rights Law to be assigned to one of the two courthouses within 10 minutes of his home, the Warren County Courthouse and Glens Falls City Court, that are regularly supplied with court officers by the Defendant so as to limit his driving time.

16. That request for a reasonable accommodation was denied, and the Plaintiff was required to continue to work at the Schenectady County Courthouse, a 60 minute drive from his home.

17. On or about June 5, 2019, Officer Levac suffered a recurrence and/or exacerbation of the injury to his right hamstring/sciatic nerve suffered on October 12, 2016 while walking up a set of stairs in the Schenectady County Courthouse.

18. The injuries to Officer Levac's right hamstring and sciatic nerve are permanent, and he has a loss of use of the right lower extremity as a result of those injuries to the extent of 33-1/3% as diagnosed by his physicians. Officer Levac's physicians advise that the condition of his right lower extremity continues to be adversely affected by standing, walking and driving.

19. Officer Levac is a qualified individual with a disability.

20. When Officer Levac returned to work on or about September 27, 2019 after his second injury which occurred at the Schenectady County Courthouse, he again requested as a reasonable accommodation that he be reassigned to one of the two courthouses within a 10 minute drive of his home in Warren County to reduce his driving time.

21. That request for a reasonable accommodation was denied and Officer Levac remained assigned to the Schenectady County Courthouse from September 27, 2019 to August 1, 2023 when he was reassigned to the Warren County Courthouse following the EEOC determination referred to in paragraph 7 hereof and annexed hereto as Exhibit A.

22. As a result of the Defendant's failure to grant Officer Levac's requested reasonable accommodation between September 5, 2019 and his reassignment to Warren County on August 1, 2023 Officer Levac has suffered the following economic damages:

    a. Mileage expenses of $49,896.88, calculated as follows:

> Calculating from the date of the accommodation request of September 5, 2019 until his recent re-assignment on August 1, 2013, results in nine hundred and sixty-four (964) business days or one thousand four hundred twenty-six (1,426) calendar days.

> The distance between Mr. Levac's residence in Queensbury, NY to the Courthouse in Schenectady, NY is 43.9 miles, one-way, or a total of 87.8 miles per day.
>
> The 2019 Internal Revenue Service ("IRS") mileage rate for business travel was $.58 cents per mile; $.57.5 for 2020; $.56 cents per mile for 2021; $.58.5 cents per mile from January 1, 2022 to June 30, 2022; $.62.5 cents per mile from July 1, 2022 to December 31, 2022 and $.65.5 cents per mile for 2023.
>
> In 2019, starting on September 5, Mr. Levac traveled approximately seventy-seven (77) business days, or approximately $51.04 per day, representing a total of $3,930.08 in mileage costs.
>
> In 2020, Mr. Levac traveled approximately two hundred forty-eight (248) business days, or approximately $51.04 per day, representing a total of $12,657.92 in mileage costs.
>
> In 2021, Mr. Levac traveled approximately two hundred forty-seven (247) business days, or approximately $49.28 per day, representing a total of $12,172.16 in mileage costs.
>
> In 2022, Mr. Levac traveled approximately two hundred forty-seven (247) business days, or $51.92 per day from January 1 to June 20, 2022, representing $6,334.24 in mileage costs, and approximately $55.44 per day from July 1 to December 21, 2022, representing $6,874.56 in mileage costs.
>
> In 2023, until the re-assignment to Warren County, Mr. Levac traveled approximately one hundred forty-three (143) business days, or approximately $55.44 per day, representing a total of $7,927.92 in mileage costs until August 1, 2023.

b. Medical Treatment: The driving requirements imposed on Officer Levac as a result of OCA's refusal to grant his reasonable accommodation resulted in additional chiropractic which would not have otherwise been necessary. Each of those chiropractic visits carried an out-of-pocket expense to Mr. Levac of $25.00. He estimates the approximate values of those extra chiropractic treatments at approximately $3,000.

5

      c.      Conscious pain and suffering including loss of enjoyment of life in an amount to be determined by the jury.

      d.      Attorney's fees:

            i.      To date, Officer Levac has incurred $7,000 in legal fees and expenses in pursuing his remedies under the Americans with Disabilities Act through the EEOC.

            ii.      An attorney's fee for legal services rendered in connection with the instant proceeding in an amount to be determined at trial and/or in the discretion of the Court.

**AS AND FOR A FIRST CAUSE OF ACTION**
**THE PLAINTIFF ALLEGES AS FOLLOWS**:

23.      The Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "24" of this complaint as though fully set forth herein.

24.      The Plaintiff was and is a qualified individual with a disability and has been ever since his initial on the job injury on October 12, 2016.

25.      Officer Levac's employer, the New York State Office of Court Administration, employes more than 15 people and is therefore covered by the Americans with Disabilities Act and had notice of Officer Levac's disability.

26.      With the reasonable accommodation requested (i.e., assignment to a courthouse within a 10 minute drive from his home) Officer Levac could perform the essential functions of his job as a court officer.

27.      Between September 5, 2019 and August 1, 2023, OCA failed and refused to make the requested accommodation.

28. As a result of the foregoing, the Plaintiff hereby asserts this cause of action for unlawful discrimination under the Americans with Disabilities Act.

**AS AND FOR A SECOND CAUSE OF ACTION
THE PLAINTIFFS ALLEGE AS FOLLOWS**

29. The Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "30" of this complaint as though fully set forth herein.

30. A claim of disability discrimination under the New York State Human Rights Law is governed by the same legal standards as govern Federal ADA claims.

31. The Defendant's conduct in refusing to grant the Plaintiff's requested reasonable accommodation between September 5, 2019 and August 1, 2023 constituted disability discrimination under the New York State Human Rights Law as well as the Americans with Disabilities Act.

32. As a result of the foregoing, the Plaintiff hereby maintains this action against the Defendant under the New York State Human Rights Law to recover all of his general, special, incidental and consequential damages as may be proven at trial.

**AS AND FOR A THIRD CAUSE OF ACTION
THE PLAINTIFFS ALLEGE AS FOLLOWS**

33. The Plaintiffs repeat and reallege each and every allegation set forth in paragraphs "1" through "34" of this complaint as though fully set forth herein.

34. The Plaintiff hereby demands an award of attorneys' fees against the Defendants pursuant to the authority of 42 U.S. Code §1988.

**DEMAND FOR JURY TRIAL**

35. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff hereby demands a Trial by Jury of all causes of action.

WHEREFORE, the Plaintiff respectfully requests that this Court enter a judgment:

a. Declaring that the actions of the Defendant herein violated the Plaintiff's rights under the Americans with Disabilities Act prohibiting discrimination against qualifying individuals with a disability.

b. Declaring that the action of the Defendant violated the provisions of the New York State Human Rights Law prohibiting discrimination against qualified individuals with a disability.

c. Awarding the Plaintiff compensatory damages for all of this general, special, incidental and consequential damages including damages for conscious pain and suffering and loss of enjoyment of life all as may be proven at trial.

d. Awarding the Plaintiff reasonable attorneys' fees pursuant to the authority of 42 U.S. Code §1988 together with such other and further relief as to the Court may seem just and proper.

Dated: April 9, 2024

Respectfully submitted,

THE TUTTLE LAW FIRM

_____
James B. Tuttle, Esq.
Attorneys for the Plaintiff
Federal Bar Roll Number: 102748
939 Route 146, Suite 820
Clifton Park, New York 12065
(518) 783-1001
Jbtesq@nycap.rr.com